# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 7739 | DATE | 9/26/2002 |
| CASE TITLE | Lengle vs. Attorneys' Title Guaranty Fund, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Lengle's motion [2-1] for class certification pursuant to FRCP 23(b)(3) is denied. This case is set for status on 11/14/2002 @ 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 27 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | 47 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PHILIP J. LENGLE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ATTORNEYS' TITLE GUARANTY FUND, INC.,

Defendant.

No. 01 C 7739

Wayne R. Andersen
District Judge

DOCKETED
SEP 27 2002

## MEMORANDUM, OPINION AND ORDER

Plaintiff, Philip Lengle, brings this putative class action on behalf of himself and those similarly situated against Defendant Attorney's Title Guaranty Fund, Inc. Plaintiff now moves for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3). For the following reasons, Lengle's motion for class certification is denied.

## BACKGROUND

Plaintiff Philip Lengle is a resident and citizen of the state of Illinois. Defendant Attorneys' Title Guaranty Fund, Inc. ("Attorney's Title") is an Illinois corporation with offices located in Chicago, Illinois. In February, 2001, Lengle sold a home on which he had a federally-regulated mortgage held by ABN-AMRO. The buyer of Lengle's home also had a federally-regulated mortgage. When the time came for the real estate transaction to close, Attorney's Title was retained to perform the settlement services and to provide title insurance. The closing occurred on February 27, 2001 at Attorney's Title's Chicago Loop office.

Prior to the closing on February 27, 2001, ABN-AMRO issued a "Payoff Statement." The

Payoff Statement showed Lengle's outstanding balance to date and listed all of the charges and costs associated with paying off the loan. Included on that statement was a $15 release fee charge to Lengle by ABN-AMRO for recording the release of his mortgage. At the closing, Attorney's Title used the Payoff Statement to prepare and provide a HUD-1 Settlement Statement which summarized the transaction. The first page of the Settlement Statement included the total amount necessary for paying off Lengle's mortgage with his lender ABN-AMRO. This amount included the $15 release fee to ABN-AMRO for recording the release of the mortgage. On the second page of the Settlement Statement, Attorney's Title charged Lengle an additional $25.50 release fee for apparently the same service. Thus, according to the complaint, Lengle was charged a total of $40.50 for the settlement charge to record the release of his mortgage on the property he was selling.

As stated in Lengle's complaint, after the closing, ABN-AMRO recorded the release of the mortgage at no expense to Attorney's Title. The significance of this, according to the plaintiff, is that Attorney's Title did not record the release and, consequently, it did not earn its portion ($25.50) of the total release fee ($40.50). Further, Lengle has alleged that Attorney's Title has not returned to him the unearned portion of the total release fee.

On October 5, 2001, Lengle filed the instant two-count complaint on behalf of himself and those similarly situated. In Count I of his complaint, Lengle has alleged that the billing of the $25.50 by Attorney's Title violated the Real Estate Settlement and Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its implementing regulation, 24 C.F.R. § 3500.14. In Count II of his complaint, Lengle has alleged that the same conduct violates the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 *et seq.*

On February 25, 2002, Lengle filed his amended motion for class certification. On May 30,

2002, the defendant filed a brief in opposition to the motion for class certification. On June 27, 2002, Magistrate Judge Levin issued a minute order stating that Lengle was to file his reply brief supporting his class certification motion by July 18, 2002. He did not comply. Instead, he appeared before this Court on September 12, 2002 and requested leave to file his reply brief, *instanter*. This motion was denied. Accordingly, the class certification motion will be decided based only on the plaintiff's initial brief and the defendant's memorandum in opposition.

## DISCUSSION

A party seeking to represent a class of similarly situated individuals has the burden of establishing that class certification is proper under Federal Rule of Civil Procedure 23. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The Court must determine the propriety of class certification with reference to the requirements of Rule 23 and not to whether the plaintiff will ultimately prevail on the merits of his claim. "[N]othing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140 (1974). However, the Court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). The Court must "understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues." *Dhamer v. Bristol- Myers Squibb Co.*, 183 F.R.D. 520, 530 (N.D. Ill. 1998).

In determining whether class certification is proper under Rule 23, the Court must undertake a two-step analysis. The Court must first determine whether the initial requisites for class certification delineated in Rule 23(a) are satisfied: (1) that the class is so numerous that

3

joinder of all members is impracticable (numerosity); (2) that there are questions of law or fact common to the class (commonality); (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) that the representative parties will fairly and adequately protect the interests of the class (adequacy of representation). Second, the Court must determine whether the proposed class satisfies one of the sub-parts of Rule 23(b). In this case, Lengle seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). With these principles in mind, we turn to whether Lengle has satisfied the requirements under Rule 23 for class certification.

## I. Class Definition

Although Federal Rule of Civil Procedure 23(a) does not expressly require that a class be "definite" in order to be certified, a requirement that there be an identifiable class has been implied by courts. *See, e.g., Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496, 500-01 (N.D. Ill. 2000); *NOW v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997). An identifiable class exits if its members can be ascertained by reference to objective criteria and may be defined by reference to the defendant's conduct. *See Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328 (N.D. Ill. 1995). In this case, Attorney's Title argues that class certification is improper because the class definition is "absurdly broad." (Def. Opposition Brief at 6.) We disagree.

In his brief in support of his motion for class certification, Lengle has proposed a class that is defined as:

> All persons: 1) for whom Attorney's Title acted as settlement agent; 2) on whom

4

Attorney's Title charged a release fee on or after October 5, 1998; 3) to whom Attorney's Title disclosed that it was charging a release fee; 4) for whom Attorney's Title did not record the release; and 5) whose release was recorded by a third-party that also charged a release fee.

While, to a certain extent, Attorney's Title is correct that the proposed class definition is broad, we feel the definition is written in such a way so that the parties can quickly and adequately determine who is a prospective class member. Furthermore, we note that Lengle's class definition is patterned exactly on the class definition ultimately approved by Judge Bucklo in *Christakos*, a case which is almost identical to the one currently before the Court. 196 F.R.D. at 501. Therefore, for these reasons, Attorney's Title's objection to the purported class definition is rejected.

## II. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all class members is impracticable." Fed.R.Civ.P. 23(a)(1). Because there is no mystical number at which the numerosity requirement is established, courts have found this element satisfied when the putative class consists of as few as 20 to 40 members. *See Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (35-40 class members); *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 (C.D. Ill. 1996) (38 class members); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1983) (29 class members). Although the plaintiff need not allege the exact number or identity of the class members, the plaintiff ordinarily "must show some evidence or reasonable estimate of the number of class members." *Long v. Thornton Township High Sch. Dist.*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). The Court is permitted to "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, 1997 WL 139472, at *2 (N.D. Ill. March 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)).

In his class certification brief, Lengle contends that numerosity is demonstrated in this case

because Attorney's Title admittedly has engaged in over 50,000 real estate closing per year and, consequently, it must be the case that at least forty other individuals were forced to pay the defendant a recording fee for a service it did not actually perform. In support of this argument, Lengle repeatedly cites to Judge Bucklo's decision in *Christakos*. The defendant counters this argument by stating the numerosity requirement cannot be satisfied merely through speculation. We agree with the defendant.

Because Lengle places so much weight on the decision in *Christakos*, it would be helpful if we discussed that case in more detail. In that case, the plaintiff filed a class action lawsuit against Intercounty Title Company alleging violations of RESPA and the Illinois Consumer Fraud Act. As in the case at bar, the gist of the plaintiff's complaint was that Intercounty violated the identified statutes by charging the plaintiff a fee for recording a mortgage release that was actually recorded by another entity, namely the holder of the plaintiff's old mortgage. *Christakos*, 196 F.R.D. at 499. In addressing the numerosity requirement of Rule 23(a), the Court noted that additional discovery had been permitted for the specific purpose of determining whether class action treatment was appropriate. During the course of that class action discovery, plaintiff's counsel reviewed one hundred different files maintained by the defendant. *Id.* at 501. While it was not exactly clear which entity actually recorded the mortgage release in each of these hundred cases, and thus earned the release fee, the Court nonetheless concluded that it was reasonable to assume that numerosity had been met. *Id.* at 502. This finding was bolstered by an affidavit from the old mortgage holder, Mellon Mortgage Company, which stated that it was Mellon's standard practice to record its own mortgage releases. *Id.*

With respect to the instant case, despite the factual similarities, we find that *Christakos* is distinguishable. Whereas, in *Christakos*, the plaintiff submitted substantial proof to support his

6

position that numerosity existed, in this case, Lengle has failed to offer any concrete evidence that there are so many potential class members that "joinder is impractical." Fed.R.Civ.P. 23(a)(1). Instead, Lengle has based his entire numerosity argument on the supposition that since Attorney's Title performs over 50,000 real estate closings per year, then hopefully there are at least forty other customers who were overcharged by the defendant. This is radically different from the analysis Judge Bucklo performed in *Christakos*. In that case, plaintiff's counsel examined one hundred of the defendant's case files to identify additional potential class members. In the instant case, there is no evidence that plaintiff's counsel was actually able to find even one additional purported class members during the class discovery period. Further, in *Christakos*, plaintiff's counsel was able to produce an affidavit from the plaintiff's old mortgage holder stating that it was standard practice for it to record its own releases. Lengle has not offered a similar affidavit from ABN-AMRO, his old mortgage holder, in this case. Accordingly, we find that *Christakos* is distinguishable from the case at bar and that the numerosity requirement of Rule 23(a)(1) has not been satisfied.

## III. Commonality and Typicality

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Id.* at 1017. The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Assoc., Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A named plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

In its brief in opposition to class certification, Attorney's Title argues that commonality and typicality cannot be satisfied in this case because Lengle has not established that a class actually exists. The defendant is partially correct. It is true we have concluded that the numerosity requirement of Rule 23(a)(1) has not been satisfied. However, as we will soon discuss, numerosity is the only Rule 23(a) requirement that Lengle has not met. With respect to commonality, there are numerous questions of law and fact that would have been common to a class, if numerosity existed. For example, common issues include: a) whether Attorney's Title violated Section 2607(b) of RESPA by retaining an unearned split of the total settlement fee charged for releasing mortgages; b) whether Attorney's Title violation Section 2607(b) of RESPA by charging release recording fees even though it did not record the releases; c) whether Attorney's Title violation the Illinois Consumer Fraud Act by failing to refund unused portions of release fees that it charged but did not earn; d) whether Attorney's Title violated the Illinois Consumer Fraud Act by violating RESPA. Therefore, the commonality requirement of Rule 23(a)(2) is satisfied.

As for the typicality requirement of Rule 23(a)(3), we have no doubt that, if a class could have been certified in this case, Lengle's individual claim would have been typical of the class. He, like the members of the purported class, was charged unused and unearned portions of release recording fees by Attorney's Title. Accordingly, the typicality requirement of Rule 23(a)(3) is satisfied.

### IV. Adequacy of Representation

Based on our reading of the defendant's brief, there is no argument that Lengle or his counsel do not satisfy the adequacy of representation requirement of Rule 23(a)(4).

Therefore, we conclude that Lengle has satisfied the commonality, typicality, and adequacy

of representation requirements of Rule 23(a). However, for the reasons discussed above, we find that the numerosity requirement of Rule 23(a)(1) has not been satisfied. Further, because all of the Rule 23(a) requirements have not been met, there is no need for us to analyze whether class certification pursuant to Rule 23(b)(3) is appropriate.

## CONCLUSION

For the foregoing reasons, Lengle's motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is denied. This case is set for status on November 14, 2002 at 10 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 26, 2002